# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | )     2:12-cr-240 |
| v. | ) |
| | ) |
| JESSE NATHANIEL PENN, JR., | ) |
|                      Defendant. | ) |

## MEMORANDUM ORDER

Pending before the Court is the MOTION IN LIMINE TO PRECLUDE OR LIMIT CERTAIN EVIDENCE AT TRIAL (ECF No. 58) filed by Defendant ("Penn"). The government filed a response in partial opposition to the motion and it is ripe for disposition.

Factual and Procedural Background

On September 18, 2012 a grand jury issued a one-count indictment which charged Penn with the crime of possession of two firearms and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The firearms and ammunition were seized on June 16, 2011from the basement of a home of Penn's estranged wife, Ginera Penn, on Harrison Street, Swissvale, Pennsylvania.

Penn came to the attention of police officers on June 7, 2011 as a suspect in a shooting incident. On June 14, 2011 a passerby found a firearm near the scene of the shooting, which police linked to the shooting. Police officers also learned that two bench warrants had been issued for the arrest of Penn for probation/parole violations. Officers then attempted to locate Penn and eventually arrested him at the home of Ginera Penn on June 16, 2011.

Ginera Penn had informed the officers that she and Jesse Penn were going through a divorce and that two days earlier, Penn had returned and requested to stay at her home and to store some items there. She indicated that she had given Penn a key to the home; that he was staying there, although she did not know whether he was in the home at the time of the phone call; and that his belongings were in a storage

room in the basement.  Ginera Penn gave officers permission to enter and search the home for Jesse Penn. Officers observed a black male inside the home.  After there was no response to their "knock and announce" for several minutes, the officers advanced through the back door and dispersed throughout the house in search of Penn.  Detective Foley testified that he went down the basement stairs with his gun drawn to search for Penn and to perform a protective sweep to look for other persons and/or safety threats.  In the basement, Foley observed an open door to a walk-in storage area.  When he looked into the storage room to check for persons/threats, Foley saw a bag which he recognized as a carry bag for a bulletproof vest.  At that time, Foley did not further investigate the vest.  After he completed his protective sweep, Foley came up from the basement and learned that Penn had been located upstairs and taken into custody.  At that point, Foley notified Detective Hitchings of what he had seen in the basement. The officers secured the home, and sat on the front porch for approximately two hours while other officers obtained a search warrant.  After the search warrant was issued, the officers returned to the basement and found and seized various items, including the ballistic vest, two firearms, ammunition, and a shoebox with various indicia (child support documents, bail bond papers, probation papers, W-2 forms and medical records) which allegedly verified Penn's presence in that area of the basement.  Penn thereafter allegedly made incriminating statements to the officers while en route to the Allegheny County Jail.  The Court denied Defendant's motion to suppress this evidence.

Jury selection and trial is scheduled to commence on Monday, November 18, 2013.  On October 21, 2013, the government provided notice of all prior misconduct evidence which the government intends to offer at trial pursuant to Fed. R. Evid. 404(b) and 609 (ECF No. 54).   The instant motion followed.

Discussion

Penn seeks to preclude presentation to the jury of the following:  (1) reference to arrest warrants for "two" probation violations; (2) reference to Penn's prior conviction for possession of a firearm; (3) Penn's letters from jail to his wife; (4) reference to paperwork that reflects Penn's bail or probation status;

and (5) impeachment by use of Penn's entire criminal history. The Court will address these objections seriatim.

1. "Two" Arrest Warrants

Penn acknowledges that the government may explain to the jury why the police were at the home of Ginera Penn on June 16, 2011 and why they entered by force. However, he suggests that a brief reference that the police were executing "a" probation violation warrant would be sufficient – such that there is no legitimate need to emphasize to the jury that there were "two" such arrest warrants. The government agrees to use the brief reference suggested by Defendant and not emphasize that there were "two" arrest warrants.

Accordingly, this aspect of the motion is **GRANTED**.

2. Prior Firearm Conviction

Penn disputes the government's contention that his prior conviction for possession of a firearm is admissible under Rule 404(b) to demonstrate knowledge, intent or absence of mistake. Defense counsel represents that his strategy will be that Penn did not <u>possess</u> the firearms found in the basement of his wife's home (i.e., a "who done it" defense.) In light of this defense strategy, Penn characterizes the government's "knowledge" justification as a ploy to present prejudicial testimony to the jury.

The use of "prior bad acts" evidence is sensitive and requires care from prosecutors and judges alike. *United States v. Davis*, 726 F.3d 434, 442 (3d Cir. 2013). As recently summarized in *United States v. Alfred*, 2013 WL 4874978 (3d Cir. September 5, 2013) (non-precedential):

> Rule 404(b) prohibits the admission of "[e]vidence of a crime, wrong, or other act ... to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Rule 404(b), however, does permit evidence of crimes, wrongs, and other acts to be admitted to prove, among other things, knowledge or absence of mistake. *See* Fed. R. Evid. 404(b)(2). "To be admissible under Rule 404(b), evidence of uncharged crimes or wrongs must (1) have a proper evidentiary purpose; (2) be relevant; (3) satisfy Rule 403; and (4) be accompanied by a

3

limiting instruction (where requested) about the purpose for which the jury may consider it." *United States v. Green*, 617 F.3d 233, 249 (3d Cir. 2010).

The government must clearly articulate how that evidence fits into a chain of logical inferences, no link of which may be the inference that the defendant has the propensity to commit the crime charged. *United States v. Mastrangelo*, 172 F.3d 288, 294 (3d Cir. 1999). In this case, the government intends to introduce a certified copy of the 2005 conviction of Penn for possession of a firearm through a law enforcement officer witness. The government represents that it will <u>not</u> mention to the jury that the firearm was possessed in furtherance of a drug trafficking crime.

The Court concludes that evidence of the prior firearm conviction is admissible under the facts and circumstances of this case pursuant to Rule 404(b). Regardless of the representation of defense counsel regarding his current defense strategy[1], the fact remains that Penn has pled not guilty to the charged offense. Thus, the government has a legal duty to establish each element of the offense beyond a reasonable doubt, including that Penn "knowingly" possessed the firearms and ammunition. *See, e.g. United States v. Perry*, 379 Fed. Appx. 888, 896 (11th Cir. 2010) (and cases cited therein) (not guilty plea puts element of "knowing possession" at issue). The fact of a prior gun possession conviction serves a proper evidentiary purpose and is relevant in that it increases the likelihood that Defendant's alleged possession of firearms and ammunition on June 16, 2011 was knowing and intentional, as opposed to inadvertent or mistaken. *United States v. Jernigan*, 341 F.3d 1273, 1281 (11th Cir. 2003).

The probative value of such evidence is not <u>unfairly</u> prejudicial pursuant to Fed. R. Evid. 403. The jury will necessarily know that Penn had previously been convicted of a felony -- because a prior felony conviction is an element of the offense and Penn has stipulated to that fact. Little additional prejudice attaches from the fact that the jury will learn that the prior conviction involved possession of a firearm (as opposed to some other, unspecified felony). Nevertheless, the Court recognizes that a prior gun possession conviction is susceptible to misuse for a "propensity" inference. The jury will be properly

---

[1] Defendant is under no legal obligation to present any defense theory.

instructed on the limited purpose for which it may (and may not) consider such evidence, both at the time of its admission during the trial and during the final jury instructions. The government does not oppose such instructions.

Accordingly, the motion as to Penn's prior firearm conviction is **DENIED**.

3. Letters to Wife

The government seeks to introduce three letters which were allegedly written by Penn to his wife while he was incarcerated after his arrest in this case. The government contends that the "confidential marital communications privilege" does not apply because the letters involve ongoing or future criminal activity – an alleged effort by Penn to obstruct justice or convince Ginera Penn to commit perjury. Penn contends that the letters are too ambiguous to support the inferences which the government is inviting the jury to draw. The government has provided these letters to the Court for review.

The Court agrees with the government. Spousal communications as to ongoing or future criminal activity are not protected by the spousal privilege. *See United States v. Ammar*, 714 F.2d 238, 258 (3d Cir. 1983). In *United States v. Howard*, 216 Fed. Appx. 463, 471 (6th Cir. 2007) (non-precedential), the Court held that a similar jailhouse letter in which the defendant attempted to convince his wife not to testify against him at trial constituted future criminal activity, and therefore, was properly admitted into evidence. Counsel for both sides will have an opportunity to argue to the jury regarding the inferences which may be drawn from the letters.

Accordingly, the motion in limine as to Defendant's letters from jail is **DENIED**.

4. Paperwork re Bail/Probation Status

The government seeks to place into evidence various papers which bear Penn's name and were found in a shoebox in the basement of Ginera Penn's home near the guns and ammunition. Specifically, the documents consist of: (1) a letter from Liberty Bail Bonds; (2) W-2 statements; (3) a complaint for

child support; and (4) medical documents regarding a stomach reflux condition.  Penn does not challenge the W-2 statements, child support document or medical records.  The government has agreed to not introduce into evidence a letter from the federal probation office.  Thus, the only remaining issue relates to the Liberty Bail Bond document.  Penn objects to admission of paperwork that reflects his bail bond status as unfairly prejudicial, and contends that admission of the other papers is adequate to serve the government's legitimate evidentiary purpose.  The government, in response, emphasizes the importance of the documents which serve as indicia of Penn's presence in that vicinity, to meet its burden to establish his constructive possession of the firearms and ammunition.

There is relevant evidentiary value in demonstrating that multiple, different types of documents – all relating to Jesse Penn, as opposed to some other person – were located in close proximity to the guns and ammunition.  The Court appreciates the concern of Penn regarding the possible prejudice which may arise from the Liberty Bail Bond document.  On the other hand, in weighing Fed. R. Evid. 403, the Court also recognizes that the Liberty Bail Bond document has particular probative value, in that it was issued only two days prior to Penn's arrest.  The document strengthens the inference of Penn's temporal and physical proximity to the firearms and ammunition. The Court concludes that the Liberty Bail Bond document is admissible, but it will issue a cautionary instruction to the jury.

Accordingly, Defendant's motion in limine is **GRANTED** as to the letter from the probation office and **DENIED** as to the Liberty Bail Bond document.


5. Impeachment by Criminal History

Penn challenges the government's ability to cross-examine him based on his entire criminal history pursuant to Fed. R. Crim. P. 609.  Penn has stipulated to the fact of a prior conviction punishable by imprisonment exceeding one year.  He contends that this stipulation is sufficient for the government to impeach his credibility, such that the specific nature of his prior convictions should not be presented to the jury.  The government intends to cross-examine Penn – if he decides to testify – regarding three prior

criminal convictions in 2004, 2005 and 2006, each of which was punishable by imprisonment of more than one year.

Federal Rule of Evidence 609(a)(1)(B) provides, in relevant part, that evidence attacking a witness' character for truthfulness by evidence of a criminal conviction "must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant." As discussed above, the Court has determined that evidence of Penn's prior gun possession conviction is admissible under Rule 404(b) and not unduly prejudicial under Rule 403. Thus, the government has a diminished probative value in introducing details of Penn's other convictions. On the other hand, in *United States v. Gaston*, 509 Fed. Appx. 158, 159-60 (3d Cir. 2013), the Court recently upheld the admissibility of three prior felony convictions. In deciding a Rule 609 motion, "the critical question is whether the probative value of the prior convictions outweighed their prejudicial effect. In making that determination, the District Court must consider: (1) the nature of the crime; (2) when the conviction(s) occurred; (3) the importance of the defendant's testimony; and (4) the degree to which the defendant's credibility is central to the case." *Id*. at 160. The Court cannot fully weigh these factors at this stage of the case – and the matter may become moot. *See also United States v. Murphy*, 172 Fed. Appx. 461, 462-63 (3d Cir. 2006) (non-precedential) (district court has discretion to determine whether importance of credibility under Rule 609 outweighs caution required under Rule 404(b) when prior conviction is similar to current charge).

Accordingly, this aspect of the motion is **TAKEN UNDER ADVISEMENT** pending development of the record at trial and a proffer by Penn as to his testimony.

SO ORDERED, this 12th day of November, 2013.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: W. Penn Hackney, FPD
Paul D. Kovac, AUSA