# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | )  2:12-cr-240 |
| v. | ) |
| | ) |
| JESSE NATHANIEL PENN, JR., | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Now pending before the Court is the MOTION FOR ACQUITTAL WITH CITATION OF AUTHORITY (ECF No. 149) filed on behalf of Defendant Jesse Penn. The motion was made orally by defense counsel at the close of the government's case in chief on August 25, 2015 and he handed copies of the written motion to the Court and the government at that time. The government presented a short oral argument in opposition to the motion. The motion is now ripe for disposition.

Pursuant to Fed. R. Crim. P. 29(b): "The Court may reserve decision on the motion, proceed with the trial (where the motion is made before the close of all the evidence), submit the case to the jury, and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict." In this case, the Court initially reserved its decision on the Motion for Acquittal and proceeded with the trial to enable the defense to present its sole witness. The Court reviewed the motion after both sides rested and the jury was sent home for the day.

Upon review of Defendant's Motion and the authorities cited therein, the Court concludes that a judgment of acquittal is not warranted. There is more than sufficient evidence to sustain a conviction in this case. The jury will be thoroughly and properly instructed regarding constructive possession. The Court notes that the evidence in this re-trial is substantially identical to the evidence which was presented in the first trial – which, in fact, resulted in a conviction by the jury.

Defendant's reliance on *United States v. Brown*, 3 F.3d 673, 680-81 (3d Cir. 1993), is misplaced. To be sure, the *Brown* Court held that the evidence in that case showed, at best, that Ama Baltimore resided in the home and knew that drugs were present therein, and was not sufficient to prove that she

exercised dominion and control over the drugs at issue in that case. Therefore, Ms. Baltimore's conviction was reversed. However, the evidence presented in this case against Jesse Penn, Jr. is much more significant. The evidence includes: that Jesse Penn was alone in the house at the time of his arrest and the recovery of the firearms and ammunition at issue, *see, e.g. Jackson v. Byrd*, 105 F.3d 145, 149-50 (3d Cir. 1997) (distinguishing *Brown* because the defendant was alone in the home); that Ginera Penn (his former spouse) testified that the firearms and ammunition belonged to Jesse Penn; and that the firearms and ammunition were recovered from a basement storage room in close proximity to numerous items of men's apparel (including a ballistic vest), documents with Jesse Penn's name, and cell phones linked to Defendant. Perhaps most damaging, the government introduced into evidence two statements by Jesse Penn which could be reasonably interpreted by the jury as admissions that the firearms and ammunition were his: (1) a statement to Ginera Penn (after she protested the presence of the firearms and ammunition in her home) that he would "take care of" the firearms and ammunition (i.e., that he would remove them from her home); and (2) a statement to officers while being transported to jail that he would "do anything to make the guns go away." The Court of Appeals for the Third Circuit has been reluctant to extend *Brown* to similar factual situations. *See United States v. Zwibel*, 1818 Fed. Appx. 238, 242 (3d Cir. 2006) (non-precedential) (distinguishing *Brown* and concluding that evidence was sufficient to prove constructive possession of firearm); *United States v. Mitchell*, 229 Fed. Appx. 153, 156 (3d Cir. 2007) (non-precedential) (same).

In accordance with the foregoing, the MOTION FOR ACQUITTAL WITH CITATION OF AUTHORITY (ECF No. 149) is **DENIED.**

SO ORDERED this 26th day of August, 2015.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: W. Penn Hackney, AFPD
Paul D. Kovac, AUSA